JUSTICE NELSON
dissents.
¶22 Despite the majority’s attempt to distinguish our decision in J.M. v. Montana High School Ass’n (1994), 265 Mont. 230, 875 P.2d 1026, I conclude that there is no significant difference between that case and the case at bar which justifies our refusal to reach the merits of the instant appeal. The constitutional issues raised in this case are important and are capable of repetition, yet will likely always escape review.
¶23 When a student athlete is deprived of his or her perceived right to take part in some sport in spite of MHSA’s eligibility rules, the student can sue. Typically, the student is successful in obtaining an injunction allowing his or her participation in the sport. Naturally, by the time the case makes its way to this Court on appeal, the season is over, the student has graduated, and the matter is moot as a technical matter.
¶24 Unfortunately, by mechanically applying the mootness doctrine in these types of cases, the legal issues presented never get resolved despite the fact that the same issues can be raised in the future in the same manner by a different litigant. The result is that the losing party’s remedy of appeal is continually nullified. See J.M., 265 Mont. at 241, 875 P.2d at 1033.
¶25 By analogy, if the referee can require one team to enter the game with its shoelaces tied together, it should come as no surprise that the other team will always win. I’d call a foul on this litigation tactic and reach the merits. I dissent from our failure to do so.